```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

HEIDI K. ERICKSON,
         Plaintiff,

         v.                             Civil Action
                                        No. 10-10907-WGY
COMMONWEALTH OF MASSACHUSETTS, ET AL.,
         Defendants.

<u>MEMORANDUM AND ORDER</u>

YOUNG, D.J.

On May 24, 2010, the plaintiff, Heidi K. Erickson ("Erickson"), an enjoined litigant who was formerly a resident of Massachusetts and currently is a resident of Louisville, Kentucky, filed a *pro se* complaint in the Western District of Kentucky.  Erickson alleges violations of her constitutional rights and the Americans with Disabilities Act, as well as the tort of emotional distress arising out of matters relating to her criminal prosecution for animal cruelty.  She alleges numerous problems with her defense and with her defense counsel.  She names as Defendants the Commonwealth of Massachusetts; the Massachusetts Committee for Public Counsel Services (CPCS); William Leahy, Director of the CPCS; Nancy Bennett, Deputy Director of the CPCS; Carol Beck, Director of Private Counsel Support for the CPCS; and Christopher Markey and Donald Brisson, both attorneys in New Bedford, Massachusetts.

Along with her Complaint Erickson filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 3), and two Emergency Motions for a Temporary Injunction or Short Order of Notice (Docket Nos. 4 and 5).  She seeks an Order staying her criminal prosecution in the Plymouth District Court, and appointment of

counsel for those criminal proceedings. She also seeks the return of property (her Persian cats) held by the Commonwealth of Massachusetts.

On June 1, 2010, Judge John G. Heyburn, II issued an Order transferring this action to this Court. See Order (Docket No. 6).

## DISCUSSION

Upon review of the record, this action will be DISMISSED in its entirety, and all of Plaintiff's motions will be DENIED as moot. First, Erickson is an enjoined litigant in this Court. She may not circumvent the requirements of this Court by instituting lawsuits against Massachusetts Defendants or instrumentalities in other District Courts. Whether or not Erickson knew or should have known her lawsuit likely would be transferred to this Court is not material at this time. Nevertheless, should Erickson wish to proceed with a lawsuit in this Court, she must file a new civil Complaint along with a Motion for Leave to Institute lawsuit and a certification of good faith and comply with all requirements of the Order enjoining her.

Second, Erickson's Complaint must be dismissed because she has a pending criminal prosecution, and her Complaint clearly seeks to interfere with that prosecution. Principles of abstention permit this Court to decline exercising jurisdiction over the claims that would result in this Court's intervention in the ongoing proceedings in the Plymouth County Court. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court reiterated "the

fundamental policy against federal interference with state criminal proceedings." Id. at 46.  This doctrine of abstention "is based on principles of comity, and unless there are extraordinary circumstances, it instructs federal courts not to 'interfere with ongoing state-court litigation.'" Rossi v. Gemma, 489 F.3d 26, 34 (1st Cir. 2007) (quoting Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 31 (1st Cir. 2004)).  Younger abstention extends to civil cases where the requested relief would (1) interfere with ongoing state judicial proceedings; (2) that implicate an important state interest; and (3) that provide an adequate opportunity for the federal plaintiff to advance her federal claim.  Id. at 34-35.

It is clear that adjudicating Erickson's claims would impermissibly interfere with the ongoing proceeding in the Plymouth County Court.  She explicitly asks that the federal court stay her criminal prosecution and appoint the counsel of her choice in that matter (*i.e.*, a female attorney who understands her disabilities).  Without belaboring the matter, this Court finds that adjudication of her claims would unquestionably interfere with that proceeding and that important state interests are implicated.  The Court cannot infer from the Complaint that Erickson is left without recourse in the state; she can raise her federal claims in the course of her state proceedings.

Finally, this Court considers that Erickson invokes the Americans With Disabilities Act ("ADA") as a means to stop or otherwise thwart her criminal prosecution.  Her repeated pattern

of pleading such claims is, in this context, specious in nature. Her claims of retaliation against her based on her disabilities or her prior complaints are not supported by any credible factual evidence (either direct or circumstantial), and this Court cannot find based on the allegations asserted that Erickson has raised any *bona fide* federal ADA claims.  Accordingly, the Court declines to exercise supplemental jurisdiction over any state-law claims (*e.g.,* emotional distress) asserted by Erickson.

## CONCLUSION

Based on the foregoing it is hereby Ordered that:

1. This action is DISMISSED.  Should Plaintiff seek to pursue her claims, she must re-file the action along with a Motion to Institute Lawsuit and a Certification of Good Faith, in compliance with the Order enjoining her;

2. Plaintiff's Emergency Motions for a Temporary Restraining Order (or for Preliminary Injunction or Short Order of Notice)(Docket Nos. 4 and 5) are DENIED; and

3. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is DENIED as moot.

SO ORDERED.

/s/ William G. Young
UNITED STATES DISTRICT JUDGE

DATED: June 4, 2010