UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:10-CV-10907-WGY

HEIDI K. ERICKSON,
*Plaintiff*

v.

COMMONWEALTH OF MASSACHUSETTS, *et. al.*
*Defendants*

**AFFIDAVIT HEIDI KRISTINE ERICKSON**
*In support of Motion For Relief*

I Heidi K. Erickson do depose and state:

1. I am the Plaintiff in the above captioned matter and currently subject to the deprivation of my rights as attested to in my verified Complaint filed on May 24th, 2010 in the US District Court Western District of Kentucky and should have been filed in the Eastern District (Lexington, KY) I seek emergency and all other relief from this Honorable Court.

2. I rely upon all the factual statements made in my Complain filed on May 24th, 2010 and in the filed herewith Motion For Relief or Reconsideration as these facts are true, of my personal knowledge under the pains of perjury.

3. I have complained to the Committee for Public Council Services (hereinafter "CPCS"), established under GLc211D sec10 since September of 2009 that my appointed defense attorney Christopher Markey, whom I was told by Nancy Bennett Deputy of CPCS, was asked by the staff at the CPCS on Bromfield Street to take this assignment. Markey has not diligently or otherwise advocated my case since late June 2009 and his duties to advocate and advance my case have been ineffective, discriminatory and fails to communicate or prepare my case.

4. I was assigned another attorney after Markey (who filed a Motion to Withdraw in January 2010 – because as he stated "defendant called him at his house twice"). I was assigned attorney Mullen who was a victim of a hit-n-run by truck within the first 3 days of his appointment and informed Defendant that due to his injuries he was unable to handle her case and motioned to withdraw. I was assigned another attorney Brisson on March 10th, 2010 (there is a scrivnors error in the Complaint referring to this date as March 14th, 2010). Since this date Brisson has done nothing to advance this case except for a visitation of my cats on March 19th, 2010 and subsequently has cancelled all meetings, failed to interview or prepare any of my six (6) defense witnesses or

1

retrieve exculpatory and available evidence. I have informed the CPCS since April 2010 of the problems with Brisson's refusal to advocate and/or advance my case. CPCS has done nothing to resolve this problem and Brisson retaliates, is abusive to me and filed a Motion to Withdraw on May 13th, 2010.

5. Defendant's complaints to the CPCS included identifying herself as disabled with a communications disability, PTSD and epilepsy and in doing so requested reasonable accommodations for her documented communications disability to include an advocate that could communicate with her including atty Jeanne Early whom accepted to take Erickson's case if she was compensated for her 2 hours travel time each way to Plymouth from Lowell. Nancy Bennett from CPCS denied the request with out talking to me about the particulars and/or having any interactive dialog.

6. On the date Brisson accepted appointment (March 10th, 2010) was the first and last meeting to discuss my case since that date Brisson has refused to meet and discuss my case preparation. On March 10th, 2001 I asked Brisson to file both motions to recuse Judge Welsh, and for a Proper Bill of Particulars, since that date Brisson has refused to discuss or meet with me about my case preparation. At this initial and only meeting I disclosed my disabilities and that these severally effect my communications.

7. On 3/19 and 4/9 I sent Brisson a email I confirmed he received he claims too busy to respond (Exh 1) I requested him to prepare and file a Motion for a Proper Bill of Particulars for the next court hearing (April 14th, 2010) and assisted him with a draft. While I referred to the Commonwealth's failed production I asked Brisson to review the attached draft (Exh 1a) and asked him to argue this on the next court date April 14th, 2010. For convenience I attached this draft copy of a Motion For A Proper Bill of Particulars (Exh 1a), a copy of the endorsed 'Allowed' (June 16th, 2010) Motion For A Bill of Particulars (Exh 1b). Then I sent Brisson the Commonwealth's improper response (Exh 1c). Brisson has never advised me on this and accepted a trial date of June 23rd, 2010 without a proper bill – this is not trial preparation and I am prejudiced!.

8. Brisson has flatly refused to discuss the issues of my defense, why he has not interviewed or prepared any of my 6 witnesses and in particular discussed the draft motion for a Proper Bill of Particulars and the necessity of filing it on April 14th, 2010. Brisson has cancelled each scheduled meeting, refuses to answer emails, and then told me he didn't wish to talk to me at the next court hearing on April 14th, 2010 a review of the docket indicates nothing has been filed since Brisson has been assigned, and nothing has been advanced since December 2009. Brisson has refused to effectively advance my case on April 14th, 2010 and today files a Motion To Reconsider Withdraw but has accepted a trial date of June 23rd, 2010.

9. Immediately after court on April 14th, 2010 I had to insist on his meeting with me and during this 30-40 minute meeting Brisson without provocation he threatened me 5 separate times telling me that I should go to the Judge and ask for his withdrawal! Brisson demanded I proceed to withdraw his services every 8 minutes during this short meeting ! In effect interrupting any attempts to effectively communicate or effectively advocate on my behalf. Brisson was animate in his attempt to distress and torture me by his profound abuse during this meeting, I had to

request multiple times for him to stop abusing me bringing me to tears – Brisson just laughed and told me to go to the Judge and ask for his withdrawal. Brisson has cancelled another scheduled meeting in May 2010. To this date there has only been one meeting or discussion that is about my defense preparation, who my witnesses are and where the exculpatory and available evidence exists. Brisson was insistent, took much time to continue to reask the high school question during this meeting, and kept going back to the question of where I attended high school. I have attended many years of post secondly education, college and graduate study, but Brisson felt is necessary to continued with the high school question rather then to talk about the experiences as a veterinary assistant or my expertise with Persian cats, and has refused to talk to me about my case preparation to this date of this filing of this Petition seeking relief from his ineffective assistance.

10. I attach to my Petition two Affidavits Affidavit Dr. Poling, dated June 9th, 2010 and Affidavit Kim Lemaire, dated June 9th, 2010 where each attests to being a witness and their personal involvement with my cats and that they have not discussed same with any defense attorney on my behalf.(Pet. Ex.3).

11. On March 19th, 2010 Brisson had scheduled a visitation of my cats to photograph same and to check on their individual condition. Despite the opportunity, Brisson did not arrange for Dr. Poling to be present, and over my objections that we should review each cat in its current environment Brisson scheduled the visitation at the Plymouth Police Department then once there started to yell and scream at me in front of several persons I believed were those who transported my cats to this location, while we stood outside and in the immediate area of the front foyer of the entryway to this building Brisson was visually abusive and insisted he take the photographs. Despite my former professional employment as a photographer and having a camera in hand that had a flash for inside photography Brisson threatened that if he didn't take the photos with his camera that wasn't able to take indoor pictures he would walk away and the visitation would not be held. Brisson informed me that he would send me his photos – todate Brisson has not sent same. At this encounter outside I suspected Brisson was on some form of drugs as his behavior was bizarre, unprofessional and irrational. In addition, as this visitation one of my cats needed medical attention, when I notice Brisson he did nothing. After I consulted Dr. Poling I called Brisson and insisted he contact the Plymouth PD to advocate treatment recommended by Dr. Poling for my cat, he refused. It was disclosed that NOAH was given my cats by the District Attorney's office in contempt to court orders issued on 5/8.09 Judge Minehan's Orders(Exh 5)

12. On the morning of June 8th, 2010 Brisson called me and informed me that he received notice (he refused to identify who it was from) that "they wish to euthanize one of your cats" I asked to him let them know to bring my cat immediately to Dr. Poling – Brisson kept talking over me and I could not understand anything he was talking about I became extremely upset. Brisson knew this information would be devastating. Brisson hung the phone up on me.

13. On June 9th, 2010 Brisson informed me that my cat has not been brought to Dr. Poling and then he informed me of the civil attorney representing the Town Of Plymouth who informed him of my cats alleged condition, that condition was not a result of a veterinarians diagnosis and that my cat had not been taken to Dr Poling and that they were refusing to take my cat to a competent veterinarian or Dr. Poling. I called this attorney Mr. Pagnini and instructed him that he was

required by court order issued by Judge Minehan on April 15th, 2009 to have Dr. Poling consulted on all medical treatment of my cats – Mr. Pagnini said he would discuss this with Mr. Brisson and hung the phone up on me. I informed Mr. Brisson of Judge Minehan's in court order and that to confirm same with Attorney Markey, Brisson refused and not until hours later after I reached Markey did Mr. Brisson then refuse to rely this same information to anyone directly in contact with my cat. Brisson has misinformed, interfered with my property interests and now fails to assist me in the protection of my interests by condoning mistreatment of my cat.

14. I requested of Brisson information from a licensed vet be sent immediately to Dr. Poling including laboratory tests on this cat's blood, urine and chemistry results – from information and belief none of these reasonable evaluating techniques have been performed and I fear that any reasonable life saving measures would be deprived on my cat as it appears it is being mishandled. Plymouth PD without objective reason and with malice is informing Brisson that they would like to euthanize my cat without any medical basis and in defiance to court orders issued by Judge Minehan.

15. On June 8th, 2010 I requested Brisson to immediately file an emergency protective orders in the Plymouth District Court and he refuses, he is not advancing my interests and complacent with this torture, mistreatment and abuse.

I Heidi K. Erickson, I attest to the facts in the above paragraphs herein as true under the pains and penalties of perjury this date June 9th, 2010.

*Heidi K. Erickson*

LIST OF EXHIBITS

- EX 1   Email correspondence to Brisson from Erickson
  Allowed Motion For Bill of Particulars
  Draft Motion For A Proper Bill of Particulars
- EX 2   Commonwealths Bill of Particulars
- EX 3   Affidavit Dr. Poling June 10 and Affidavit Dr. Poling April 2009
  Affidavit Kim Lemaire June 2010
- EX 4   Email CPCS Leahy
- EX 5   Judge Minehan's May 8th, 2009 Order denying transfer of my cats to NOAH

4