COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.	TRIAL COURT DEPARTMENT
PLYMOUTH DISTRICT COURT
DOCKET NO. 0959 CR 1034

COMMONWEALTH OF MASSACHUSETTS

VS.

HEIDI ERIKSON

## MEMORANDUM OF DECISION ON
## COMMONWEALTH'S MOTION TO AMEND THE COMPLAINT

In a memorandum dated April 17, 2009, this court, in addressing defendant's request for funds and discovery requests of both the defendant and the Commonwealth, made note that the Commonwealth has charged defendant pursuant to G.L. c. 272, § 77 with nine counts of animal cruelty. The Court, also, suggested that it appeared that the Commonwealth had not charged the defendant, under G.L. c. 272, § 77, with animal cruelty by a custodian. Specifically, the Court stated: "It appears that the Commonwealth **has not** charged defendant, under [G.L. c. 272, § 77], with 'fail[ing] to provide [the animals] with proper ... sanitary environment.'" The Commonwealth is now before the Court seeking to amend the complaints.

Massachusetts Rules of Criminal Procedure 4(d), permits a complaint to be amended only with respect to matters of form if such amendment would not prejudice the defendant or the Commonwealth. It does not permit an amendment as to substance because a substantive change results in prejudice. The test to determine whether an amendment is one of substance or one of form is whether an acquittal on the original charge *would not* act as a bar on double jeopardy grounds to a prosecution of the defendant on the amended charges. *Commonwealth v. Murphy*, 415 Mass. 161, 165 (1993). If so, the amendment would be deemed one of substance rather than of form. *Id.*

In this case, the Commonwealth seeks to add an additional element to the charges as filed. The element sought to be added is that the defendant had charge or custody of the animals. In addition, the Commonwealth seeks to add new allegations to the manner in which the defendant committed the offense. The motion to amend is denied.

The Commonwealth is also asking that the Court allow for the transfer of animals seized pursuant to a warrant from its charge and care to Nemasket Orphaned Animal Haven, a non-governmental third party agent. The Commonwealth has not supported the request with affidavits or otherwise nor has articulated any compelling reason for its request. The motion is denied.

Dated: May 8, 2009

Hon. Rosemary Minehan
Presiding Justice

COMMONWEALTH OF MASSACHUSETTS
PLYMOUTH DISTRICT COURT

PLYMOUTH, ss.                                                                                        No. 0959-CR-01034
                                                                                                                  No. 0959-CR-01704

COMMONWEALTH

v.

HEIDI ERICKSON

AFFIDAVIT OF COUNSEL

I, Donald A. Brisson, state the following to the best of my knowledge and belief:

1. I represent the defendant in the Plymouth District Court in the above captioned charges.

2. I have read the copy of the complaints, as above entitled and the Commonwealth's Bill of Particular, both attached here respectfully.

3. A previous assigned counsel's motion for a bill of particulars was allowed on May 16th, 2009.

4. I recently was able to review the case file and docket in this matter and found no other Bill of Particulars as it relates to the above captioned charges.

Signed under the pains and penalties of perjury this 21st day of March 2010.

_____
Donald A. Brisson
**17 South Sixth Street**
**P.O. Box 8186**
**New Bedford, MA 02742**
**Tel. (508) 999-9694**
BBO #